■ THELMA SEIDE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 32199.) — Claimants appeal from a judgment of the Court of Claims which dismissed their claims following a trial. Prior to July 6, 1953, the State of New York entered into a contract with the Torrington Construction Company for the widening and resurfacing of Route No. 9 from the Plattsburgh city line some distance south. In the course of such work the construction company made a cut in Route No. 9, 20 feet wide and 20 feet long, for the purpose of installing a new culvert and which was thereafter refilled and cov-ered over with gravel. This was the scene of the accident. Near the city line and approximately 1,600 feet north of the accident a large construction sign had been placed by the contractor and the State which warned of danger, the road being under construction for approximately seven miles and somewhat nearer to the cut in the road above mentioned, a smaller sign had been placed near the edge of the road for southbound traffic warning of a bump ahead. The claimants husband and wife, driver and passenger, were returning from Canada on July 6, 1953, traveling southerly on Route No. 9 on a rainy day with wet pavement. The driver testified he did not see the large construction sign but admitted seeing the smaller " bump ahead " sign prior to the accident and that he saw that part of the road which had been filled with gravel and slowed down. In a statement he gave shortly after the accident he stated it was due to skidding as the result of slowing down but at the trial in the Court of Claims he testified that when he was traveling over the gravel he struck a hole in the road which caused him to lose control of his car with the

resultant accident. While he made no measurements, he testified from his observation that the drop or the hole in the pavement was from six to eight inches in depth. The hole in the road was not discernible, he stated, because it was filled with water. Another witness for the claimants gave a similar estimate of a depression at the scene of the accident. The State produced the Deputy Sheriffs of the County of Clinton who had investigated the accident and who testified to traveling over the area in question on three or four occasions immediately following the accident and the most that they experienced was a " slight bump ". One of these witnesses contradicted the testimony of the claimant by saying there was no side road between the large sign at the city limits and the place of the accident. The claimant had previously testified that he had entered Route No. 9 from a side road and thus not observed the large sign. There were exhibits offered by both parties which showed the general situation as it existed at or near the time of the happening of the accident and there was a motor vehicle report made by the claimant, the driver, which statements were inconsistent with his testimony given at the time of the trial. The questions of negligence of the various parties and the credibility of the witnesses with which the court dealt at some length were factual issues. We cannot say that the Court of Claims erred in finding that the highway condition at the scene of the accident was not the proximate cause thereof and that the State did not fail in its duty to provide a highway that was reasonably safe under the circumstances. The claimants have failed to meet the required burden of proof. In view of our decision, it is not necessary to consider the further defense of *res judicata* interposed by the State resulting from verdicts of no cause of action against the claimants herein and in favor of the contractor, Torrington Construction Company, at a trial in the Supreme Court of Kings County. Judgment unanimously affirmed, without costs. [18 Misc 2d 371.]